IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

BRIAN SAWYER,

    Plaintiff,

vs.                                      Civil Action No. 6:10-cv-1256
                                      Honorable Joseph R. Goodwin

JIM R. ASBURY, individually and in his
capacity as a Deputy with the Wood
County Sheriff's Department, and the
WOOD COUNTY COMMISSION, a
political subdivision in the State of
West Virginia,

    Defendants.

## AMENDED COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq*, and common law, arises out of the Defendants' use of excessive force on the Plaintiff on or about October 29, 2009 in the City of Parkersburg, Wood County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.    The Plaintiff was at all times relevant hereto a resident of the City of Parkersburg, Wood County, West Virginia, within the Southern District of West Virginia.

2. Defendant Asbury was at all times relevant hereto a Sheriff's Deputy for the Wood County Sheriff's Department, which is under the Wood County Commission, and was at all times relevant hereto acting under the color of law and within the scope of his employment.  Said Defendant is named herein in his individual and official capacities.

3. Defendant Wood County Commission ("WCC") is a political subdivision of the State of West Virginia, and as such, is liable for the negligent conduct of its agents and employees, including the Sheriff, the Sheriff's Department, and the employees of the Sheriff's Department, so long as that conduct was carried out within the scope of their employment. *See* West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq*.

4. The conduct alleged herein to have been committed by employees and/or agents of Defendant WCC are hereby alleged to have been committed by said agents and/or employees acting in the scope of their employment and authority.  The causes of action asserted herein against Defendant WCC refer to acts performed by agents and employees of said Defendant political subdivision, rather than the formulation and implementation of policy related to how law enforcement and police protection are provided.

## **FACTS**

5. Paragraphs 1 through 4 are hereby incorporated by reference as though fully restated herein.

6. On or about October 29, 2009, Defendant Asbury arrived at the residence of the Plaintiff and his girlfriend on a domestic disturbance call.

7. Defendant Asbury entered the house and seized the Plaintiff, and placed him into handcuffs inside the house, then he shoved him out the front door, and arrested him for public intoxication.

8. Despite the fact that the Plaintiff did not resist, Defendant Asbury placed the Plaintiff in a choke hold, and rammed his head into the door of the residence, which was witnessed by the Plaintiff's girlfriend. She begged Defendant Asbury to stop choking the Plaintiff.

9. Defendant Asbury then slammed the Plaintiff's head and body into the side of his police cruiser, causing body damage to the cruiser. The Plaintiff was not resisting.

10. The Plaintiff was then taken to a holding facility operated by the Wood County Sheriff's Department.

11. During the processing and intake process, Defendant Asbury confronted the Plaintiff, removed the Plaintiff's handcuffs, and began to argue with him. The Plaintiff kept his arms crossed since it appeared to him that Defendant Asbury was attempting to provoke him into a physical altercation.

12. As Defendant Asbury became more intense, the Plaintiff raised his hand in front of him in a defensive posture. He was fearful of being attacked or choked again by Defendant Asbury.

13. Defendant Asbury then performed a "finger lock" on the Plaintiff, which is designed as a jujitsu move, popularized by actor and martial artist Steven Seagal. The finger lock is a particularly painful hold on an opponent's finger which can quickly result in broken fingers if the opponent does not submit.

14. Almost contemporaneous with the finger lock, Defendant Asbury slammed his hand into the Plaintiff's throat in a choking maneuver, placing the Defendant both in a finger lock and choke hold.

15. Defendant Asbury, who is much larger than the Plaintiff, raised the Plaintiff up back against the concrete wall where he was sitting, still in a chokehold, now with both hands choking him.

16. Defendant Asbury then punched the Plaintiff in the face repeatedly, fracturing his nose and giving him blackened eyes and other contusions and abrasions, and also causing him severe pain. During this time other Wood County deputies were watching, appearing as if they did not know what to do.

17. After the attack, the Plaintiff was left on the floor with a bloody nose and blood in his mouth. The Plaintiff requested tissues, which were refused to him by Defendant Asbury. Defendant Asbury then stated to him, "you better not spit that fucking blood on the floor."

18. Upon information and belief, the surveillance footage of the beating had been delivered to the prosecutor in August, 2010, after which he brought the matter before the grand jury.

19. The existence of the surveillance footage of the Plaintiff's beating became public on or about August 24, 2010 when Sgt. Dave Westfall filed a lawsuit against the WCC claiming that they were trying to fire him for being a "whistleblower" and reporting the beating of the Plaintiff, as well as other misconduct by Defendant Asbury and other Wood County deputies.

20. Sgt. Westfall and other deputies have now revealed that prior to, and during, the beating of the Plaintiff, there existed a pattern and practice of misconduct and untruthfulness by Defendant Asbury and Captain Woodyard of using excessive force and committing other civil rights violations and criminal infractions, including:

    a. Upon information and belief, Defendant Asbury admitted to other deputies that the large dent in his cruiser was caused when he slammed the Plaintiff into it during his October 29, 2009 arrest, and that he falsely claimed to the department that the cause was unknown, and that the damage was extensive enough to have to be repaired by a body shop.

## **STATE LAW CLAIM**

### COUNT ONE - NEGLIGENCE

21. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

22. Defendants specifically owed Plaintiff a duty of reasonable care. It was reasonably foreseeable to Defendants that Plaintiff would be harmed as a result of Defendants' actions.

23. Defendants, by and through the chain of command, including Captain Woodyard, breached that duty as detailed above and incorporated herein, and furthermore by:

    a. negligently hiring Defendant Asbury in the first place;

    b. negligently training Defendant Asbury;

    c. negligently supervising Defendant Asbury;

  d.  negligently allowing Defendant Asbury to use excessive force against the Plaintiff;

  e.  negligently failing to comply with federal constitutional standards for use of force against a suspect and a pretrial detainee.

24. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered harm, including personal injuries, extreme emotional distress, medical expenses, severe pain, and continues to suffer damages, and is entitled to recover damages for the same.

## **FEDERAL CLAIMS**

### COUNT TWO - EXCESSIVE FORCE UNDER 42 U.S.C. 1983
### VIOLATION OF THE FOURTH AMENDMENT

25. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

26. Defendant Asbury used excessive force against the Plaintiff during his initial arrest, as described above in detail.

27. When Defendant Asbury choked the Plaintiff, slammed the Plaintiff into the door of the residence, and into the police cruiser, no objectively reasonable officer could have perceived the Plaintiff as posing an immediate threat to the safety of the officer or others.

28. Plaintiff was neither armed nor suspected by Asbury to be armed.

29. Plaintiff was not resisting at the time that force was being used on him.

30. Plaintiff was under arrest for public intoxication at the time the force was used.

31. Defendant Asbury's actions were objectively unreasonable, unlawful, unwarranted, and in violation of the Plaintiff's clearly established procedural and substantive rights, including the Fourth Amendment of the United States Constitution.

32. Defendant Asbury's actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's Fourth Amendment right to be free from excessive force.

33. Plaintiff suffered harm, including personal injuries, extreme emotional distress, medical expenses, severe pain, and continues to suffer damages, and is entitled to recover damages for the same.

## COUNT THREE - EXCESSIVE FORCE UNDER 42 U.S.C. 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT

34. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

35. Defendant Asbury used excessive force against the Plaintiff at the holding facility, as described above in detail, and as was captured on surveillance footage.

36. When Defendant Asbury attacked the Plaintiff with a finger lock, choke holds, and punches to the face, he inflicted unnecessary and wanton pain and suffering.

37. At the time Defendant Asbury attacked the Plaintiff, there was no need for force to be applied.

38. Even if there was a need for force to be applied, Defendant Asbury used an excessive amount force, as evidenced by the fracturing the Plaintiff's nose, blackening his eyes, swelling his face, the blood in his mouth and nose, and the severe pain he experienced.

39. The force used by Defendant Asbury was not applied in a good faith effort to maintain and restore discipline, but rather was applied maliciously and sadistically for the purpose of causing harm.

40. Defendant Asbury's actions were objectively unreasonable, willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's clearly established Fourteenth Amendment right to be free from excessive force.

41. Plaintiff suffered harm, including personal injuries, extreme emotional distress, medical expenses, severe pain, and continues to suffer damages, and is entitled to recover damages for the same.

## **PRAYER**

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1. Damages against the Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

    a. Past, present and future medical expenses;

    b. Past, present and future pain and suffering;

    c. Loss of enjoyment of life;

    d. Psychological and emotional distress;

    e. Any other compensatory damages to be proven at trial;

    f. Punitive damages against the individual Defendants in an amount to be determined at trial;

    g. Reasonable attorney fees and costs;

    h. Any other relief that this Court deems is just and fair;

  i. All other damages provided by law;

  j. Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiff suffered;

  k. Declaratory judgment relief establishing the Defendants' above-described conduct violates the Plaintiff's clearly established constitutional rights.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


        BRIAN SAWYER
        By Counsel


/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
Martha J. Fleshman (WV Bar No. 8542)
JOHN H. BRYAN, ATTORNEYS AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

for the Plaintiff